By the Court.—Sedgwick, Ch. J.
The appellants object that the verdict and judgment were entered against the defendants personally, erroneously, inasmuch, as is claimed, the complaint made no charge against them personally but only as executors, etc., of Isaac C. Kendall. The title of the action contains after their names the word “ executors, etc.” This is no more than identifying them by description, and does not indicate that they are sued as executors. The complaint states that as executors they undertook the management and control of the premises where the accident happened, but it states that they, personally, without attending to their executorship, negligently did leave the stairway in a ruined condition, etc. Their duties as executors related to the persons interested in the estate, yet even to them there might be a personal liability. As to the plaintiff, whatever was the title or right of the defendants, they had an obligation to her, because as natural persons they were in control of the premises and managed them, and were liable for any negligence on their part.
The answer, by not denying, admitted that the defendants had possession and control of the premises. It is to be observed that this amounts to an admission of joint possession and control, which is the foundation of a joint obligation to use ordinary care as to the premises.
The plaintiff was a tenant of some rooms in the upper part of the house, with the right to use a part of the cellar. Access to this cellar was to be had by a stairway leading down to the cellar. The plaintiff was going down the stairs, when she fell and was damaged, because one of the steps *389 was gone. I think the circumstances that were not disputed, justified an inference that the plaintiff was either the tenant of the defendants, or of their testator, and if this were not correct, the defendants should prove the exceptional state of facts. In any condition of the facts as to this, it seems to me, that the defendants owed a duty to the plaintiff, who was rightfully using the stairway, that as part of the house was in their possession and control, not to allow it to become dangerous. It is supposed that. as executors they may have had no power to repair. It is conceivable that they had no such power at the expense of the estate. The presumption is otherwise. They had such a power at their own expense. They were not compelled to go into control of the property, but if they do so, they must fulfill duties and responsibilities that are grounded upon the fact of the power of management.
It is also argued that as tenant the plaintiff took the risks of the actual condition of the stairway. That if the defendants were ’ her landlord, they were not bound to repair it, during her tenancy. This might be, if the stairway had been part of the premises that had been let to the plaintiff. It was not. She had but a right of passage over it, as had the members of the other nine families in the building. It is not to be presumed that the arrangement intended that she or the others should keep the stairway in repair. The implication from the circumstances, is that it should be kept safe for them.
It was argued again, that the testimony showed that the plaintiff was guilty of contributory negligence. This question was properly left to the jury. The evidence did not incontrovertibly show that the plaintiff knew either that the step on which she said she intended to place her foot was gone or was likely to be found to be gone. The jury was at liberty to find that the plaintiff had been warned only that there was a loose step over which she might safely go if she went with care. No information necessarily was a warning, that she must expect to find a step gone.
*390 Judgment affirmed and order affirmed with costs.